Docket No. 03–7387.

United States Court of Appeals, Second Circuit.

Jan. 21, 2005.

Malissa BILLINGER, Plaintiff–Appellant,

v.

BELL ATLANTIC, Bell Atlantic, as a Plan Administrator and Trustee of The Disability and Retirement Plans for Employees of Bell Atlantic, The Disability and Retirement Plans for Employees of Bell Atlantic, Aetna U.S. Healthcare, as Plan Administrator and Trustee of the Disability and Retirement Plans for Employees of Bell Atlantic, Unnamed Trustees, of the Disability and Retirement Plans for Bell Atlantic, Fiduciaries, of the Disability and Retirement Plans for Bell Atlantic, Defendants–Appellees.

Malissa Billinger, Mount Vernon, NY, for Appellant, pro se.

Michael H. Bernstein (Colleen A. Tan), Sedgwick, Detert, Moran & Arnold, LLP, New York, NY, for Appellees, of counsel.

PRESENT: KEARSE, CABRANES, Circuit Judges, and KORMAN, District Judge.*

## SUMMARY ORDER

Plaintiff Malissa Billinger challenges the judgment of the District Court, granting defendants' motion for summary judgment. On appeal, she (1) argues that she was provided insufficient notice of the summary judgment motion; and (2) reiterates arguments made below—for example, that the defendants denied her disability benefits in an arbitrary and capricious fashion, including manipulation of the evaluation process by use of biased doctors and medical facilities, and that videotape evidence introduced by defendants does not show what they claim it shows.

With respect to the issue of whether plaintiff, as a *pro se* litigant, was afforded notice of the nature of the motion for summary judgment against her—an issue which, if decided in the negative, may suggest grounds for reversal, *see Vital v. Interfaith Med. Ctr.*, 168 F.3d 615, 620–21 (2d Cir.1999)—we find no suggestion in the record that she was deprived of proper and sufficient information with respect to defendants' motion for summary judgment. To the contrary, the record indicates that plaintiff understood the motion for summary judgment against her claims—for example, she (1) was represented by counsel when defendants moved for summary judgment; (2) had conversations with her then-counsel about the motion; (3) received instructions from the Magistrate Judge about the motion; and (4) submitted an affidavit in response to defendants' motion. In these circumstances, we hold that there is no basis for questioning the judgment under the doctrine of *Vital*.

We have considered all of plaintiff's arguments and, upon our *de novo* review of the District Court's granting of defendants' motion for summary judgment, *see Rodal v. Anesthesia Group of Onondaga, P.C.*, 369 F.3d 113, 118 (2d Cir.2004), we hold that each is without merit. Our review of the record supports the conclusion that, construing the evidence in the light most favorable to plaintiff as non-movant, "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Id.* (quotation marks omitted).

Accordingly, the judgment of the District Court is hereby AFFIRMED, substantially for the reasons stated by the District Court in its Decision and Order of January 9, 2003, *Billinger v. Bell Atlantic*, 240 F.Supp.2d 274 (S.D.N.Y.2003).

---

* The Honorable Edward R. Korman, Chief Judge of the United States District Court for the Eastern District of New York, sitting by designation.